UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:20-CR-00094-TWP-TAB |
| | ) | |
| JOSEPH CHASE WINKLE, | ) | -01 |
| a/k/a "Chase Winkle", | ) | -02 |
| JEREMY GIBSON, | ) | -03 |
| JOSEPH KREJSA, and | ) | -04 |
| COREY POSEY. | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' JOINT MOTION TO CONTINUE TRIAL**

The United States of America, through the undersigned counsel, Mary J. Hahn and Katherine G. DeVar, Trial Attorneys, Civil Rights Division, Criminal Section; and Nicholas J. Linder, Assistant United States Attorney (collectively, "the Government"), hereby submits its response in opposition to Defendants' Joint Motion to Continue Trial, ECF 108.

Throughout this matter, the Government has timely produced all discovery required by this Court's orders and has produced a significant amount of additional discovery – including FBI 302s providing detailed summaries of witness statements – well in advance of any discovery deadlines. The trial in this matter already has been continued three times, and, in November 2020, counsel for the government and the three originally charged defendants – Defendants Winkle, Gibson, and Krejsa – negotiated and agreed on a trial date of September 13, 2021.  *See* Unopposed Motion to Continue, ECF 61 (Nov. 17, 2020).

On April 13, 2021 – months before the agreed upon trial date – the government filed a Superseding Indictment that included a single false report charge against Defendant Posey, which is based on his own written statements about a single incident involving a civilian named L.G., and added one excessive force count and one false report count against each of Defendants Winkle and Gibson related to a single incident involving a civilian named E.M. *See* Superseding Indictment, Count 4 (Posey) and Counts 14-17 (Winkle and Gibson), ECF 64. No additional charges were filed against Defendant Joseph Krejsa.

Defendants now seek to continue the trial to sometime in January 2022 – which is over eight months after the filing of the Superseding Indictment – based almost exclusively on conclusory claims that they will need time to review the discovery related to these new counts. Such vague and conclusory claims are insufficient to warrant any further delay in trial. *See United States v. Cosby*, 924 F.3d 329, 335 (7th Cir. 2019). Notably, the defendants filed this motion for continuance without having received the new discovery related to the additional charges in the Superseding Indictment, and, contrary to their assertions, the discovery related to these charges is neither onerous nor complex. Defendants have ample time to prepare for trial, and the Government requests that this Court deny their motion.

## II. BACKGROUND

### A. Procedural History

On March 11, 2020, the Government filed a twelve-count indictment charging Defendants Winkle and Gibson, while acting as Muncie Police Department (MPD) officers, with using unreasonable force during arrests – including striking the head and face of arrestees without legal justification – and charging Defendants Krejsa and Winkle with writing false reports about one or more excessive uses of force. These original counts involve the defendants'

use of force and/or false reports related to LMPD officers' unlawful conduct against six different civilians.

The trial was originally set for May 11, 2020. *See* Minute Order, ECF 33 (March 16, 2020). On Defendant Krejsa's motion, and without objection by the Government, this Court continued the trial date to August 10, 2020. *See* Order, ECF 36 (March 19, 2020). A couple of months later, the parties jointly moved to continue the trial in light of the public health concerns posed by the COVID-19 pandemic. *See* Order, ECF 49 (June 25, 2020) (continuing the trial date to February 22, 2021). In November 2020, the defendants requested the Government's consent to continue the trial for a third time. Counsel for the Government agreed not to oppose the continuance, but discussed with defense counsel the need to propose a trial date that would be sufficiently far in the future so as to avoid the need for any additional continuances. The parties agreed on a trial date of September 13, 2021, and this Court granted the defendants' motion to continue. *See* Order, ECF 63 (Nov. 18, 2020).

On April 13, 2021, the Government filed a Superseding Indictment. The vast majority of the counts (Counts 1-3 and 5-13) in the Superseding Indictment are identical to the counts charged in the original indictment.[1] The newly added counts (Count 4 and Counts 14-17) are similar in nature to the originally indicted counts (i.e., the use of unreasonable force against arrestees and the filing of false reports), and adds only a single new incident involving the use of force against a civilian named E.M. For each defendant, the new counts are limited to their respective conduct during a single incident against a single victim. Specifically, Count 4 involves Defendant Posey's false statements contained in his own report documenting the use of force against a civilian named L.G. Counts 14 to 17 involve a single incident involving the

---

[1] The only differences between the original and the superseding indictments are the numbering of the counts and the correction of a typographical error.

3

arrest of E.M., and charge Winkle and Gibson each with striking the head and facial area of E.M. without legal justification and writing a false report to obstruct the investigation into that illegal use of force.

> **B. The Originally Charged Defendants Have Had Substantial Discovery for Over a Year, and the Newly Charged Defendant Reviewed, Before Indictment, the Core Evidence Against Him**

The Government has timely produced all discovery required by this Court and Federal Rule of Criminal Procedure 16.  Moreover, the Government has disclosed a substantial amount of discovery, including detailed summaries of witness statements, to which the defendants are not entitled at this stage of the litigation, thereby providing the defendants with more time to identify witnesses and to develop their defenses than they otherwise would have under Federal Rule of Criminal Procedure 16, the *Jencks* Act, and this Court's orders setting deadlines for pretrial disclosures.[2]

> **A. Defendant Posey Reviewed Evidence of the L.G. Incident Before Indictment**

The single count (Count 4) against Defendant Posey is based on his filing a report containing false statements that give a misleading account of his and Winkle's actions during the arrest of L.G.  The scope of this count is narrow: the statements charged as false in Count 4 involve conduct that occurred during the officers' initial encounter with L.G., when only two officers, i.e., Defendants Posey and Winkle, and several civilians were on the scene.  As far as the Government is aware, the videos from Winkle and Posey's bodyworn cameras are the only two recordings of Defendants Winkle and Posey's actions during that initial part of the arrest.  (Other officers arrived on the scene after this initial part of the arrest, and additional bodyworn cameras that may be relevant recorded officers' actions and conversations after those others arrived on the scene.)

---

[2] The Government intends to produce grand jury transcripts to the defendants before the pretrial conference.

In November 2019, counsel for the Government met with Defendant Posey and his former counsel for a voluntary interview. During that interview, the Government showed Defendant Posey and his then-counsel the relevant portions of Posey's bodyworn camera video, and Defendant Posey acknowledged that he had watched this video multiple times before meeting with the Government. In addition, after that voluntary interview, counsel for the Government pointed out to Defendant Posey's former counsel certain evidence that directly contradicts statements in his report. As a result, well before the filing of the Superseding Indictment, Defendant Posey was aware of, and had multiple opportunities to review, the core evidence against him.

### B. Defendants Winkle, Gibson, and Krejsa Received Substantial Discovery Before the Filing of the Superseding Indictment

On April 13, 2020, the Government made its initial production to Defendants Winkle, Gibson, and Krejsa, the three originally charged defendants. This production included statements by these defendants, as well as the use of force reports and videos related to the incidents charged in the original indictment.

On June 16, 2020, nearly one year ago, the Government produced a second round of discovery. This second production included, among other things, medical records, the Muncie Police Department's use-of-force policies, and the training materials used by the MPD instructors who trained Defendants Winkle and Gibson on the use of force and report writing. In addition, the Government produced recordings of interviews of civilian witnesses to the originally charged incidents, as well as FBI 302s providing detailed summaries of statements by civilian and law enforcement witnesses about each of the originally charged incidents.

Importantly, the Government produced FBI 302s summarizing the statements by MPD defensive tactics instructors. These defensive tactics instructors had reviewed several uses of force by Defendants Winkle and Gibson, including the incident involving E.M. that was added to

the Superseding Indictment. These FBI 302s document the trainers' descriptions of MPD training and policy on the use of force and defensive tactics; their analysis of the uses of force against E.M.; and their unanimous assessment that Defendants Winkle and Gibson violated MPD policies and training during this incident involving E.M. Thus, Defendants Winkle and Gibson have had in their possession – for nearly a year – the assessments by the defensive tactics instructors for the newly charged incident involving E.M. and the training materials that serve as the basis for that assessment.

### C. The Additional Discovery Related to the Newly Added Charges is Not Substantial

On May 19, 2021, in compliance with this Court's order, the Government produced discovery to the defendants related to the newly added charges. The additional discovery included ten bodyworn camera videos for MPD officers who were present during the arrest of, as well as those who arrived after the arrest of, E.M., the use of force reports about the E.M. incident, medical records, and other items. This additional discovery consisted of a total of 179 items, nearly 80 of which are screenshots of text messages exchanged between E.M. and another civilian. And again, although the Government is not required to provide witness statements at this point in the litigation, the Government provided recorded interviews of civilian witnesses to the E.M. incident as well as FBI 302s summarizing statements by witnesses about E.M. and other allegations of excessive use of force by MPD officers. (The Government previously produced in the June 2020 production many of these FBI 302s in redacted form, and this most recent production simply cleared certain redacted paragraphs from those FBI 302s.)

### III.   ARGUMENT

The Seventh Circuit has held that a district court has "broad discretion" in scheduling trials. *Cosby*, 924 F.3d at 334 (internal quotation marks omitted). Although a court cannot have

a "'myopic insistence upon expeditiousness in the face of a justifiable request for delay,'" *United States v. Robbins*, 197 F.3d 829, 846 (7th Cir. 1999) (citation omitted), a court may require adherence to a set trial date unless there are "compelling reasons" to grant a continuance. *Cosby*, 924 F.3d at 334; *see also, e.g.*, *United States v. Volpentesta*, 727 F.3d 666, 679 (7th Cir. 2013).

Many factors are relevant to a district court's ruling on a request for a continuance, including: the amount of time available for preparation; the complexity of the case; the status of discovery; the likelihood of prejudice from denial; and the public interest, including inconvenience to the district court and fairness to the victims. *See Cosby*, 924 F.3d at 335.

Each of these factors weighs against a continuance here. This case was originally filed over a year ago, and the defendants still have another four months to prepare for trial. The charges against Defendant Posey are not complex: he has been charged in a single count, based on his own written statements about an incident captured on his own bodyworn camera. And he reviewed his bodyworn camera video – on his own and with counsel – multiple times before indictment.

The Government's productions in April and June 2020 to the three originally charged defendants have provided them with a substantial amount of time to prepare their defense to the original twelve counts, and the additional counts against Defendants Winkle and Gibson do not add substantially to that preparation. Significantly, the charges against Defendants Winkle and Gibson are very similar to the conduct for which they were originally charged (i.e., strikes to the head of arrestees), and the Government provided the use-of-force and defensive tactics training materials, as well as the defensive tactics trainers' assessments of these defendants' use of force against E.M., nearly a year ago.[3]

---

[3] Defendant Gibson states that he may need to "evaluate the need for expert consultants and/or witnesses" regarding the incident involving E.M. Yet months ago, counsel for the Government informed both the former and current

Tellingly, nowhere in their motion do the Defendants identify any specific prejudice that they will suffer if their motion is denied. *See United States v. Crowder*, 588 F.3d 929, 937 (7th Cir. 2009) (affirming denial of motion for continuance where the defendant failed to state "with any amount of specificity the prejudice that might result" in the absence of a continuance). Instead, they conclusorily assert that the Superseding Indictment "greatly expanded" the charges, and that they will now need until January 2022 – which is seven months from now – to prepare for trial. A review of the charges themselves, and the discovery provided to date, belies that claim. As noted above, the single count against Posey is a straightforward factual one, and Defendants Winkle and Gibson each have been charged with a single incident involving the same type of misconduct – unjustified strikes to the head of non-resistant or minimally-resistant arrestees – that gave rise to their original charges.

None of the Defendants' other arguments warrant additional delay. Defendant Gibson claims, for example, that he will have to retain an expert to assess the false report charge against him (Count 17). *See* Defs.' Motion, ECF 108, at 2. Yet this false report count involves the factual question about whether he knowingly falsified his report with the intent to obstruct the investigation into his use of force against E.M.: did Defendant Gibson, for example, knowingly omit from his written report that he used knee strikes to E.M.'s facial and head area? It is unclear what expert opinion would be admissible to answer that question.

Defendants also state that they plan to file substantive motions related to the charges contained in this Superseding Indictment, but they provide no explanation why they cannot meet the deadlines set in this Court's orders – which do not require the filing of Rule 12 and other pretrial motions until August 11, 2021.

---

counsel for Defendant Gibson that it may seek to supersede the indictment to include the E.M. incident as charges against him. He has provided no justification for failing to consult with experts about this incident before now.

In addition, Defendants vaguely state that Defendant Krejsa "may" be unavailable for trial because he may need surgery "in the near future." *See* Defs.' Motion, ECF 108, at 3. However, nothing in the motion suggests that this surgery has been scheduled, or that it must be scheduled at a time that would interfere with the September trial date. If Defendant Krejsa's medical condition necessitates surgery at a time that would interfere with the trial date, this Court can address that issue at that time. There is no reason to upend a longstanding trial date based on a hypothetical situation that may or may not come to pass.

Finally, the public interest favors maintaining the trial date.[4] The Superseding Indictment charges the defendants with serious civil rights and obstruction offenses in connection with seven different victims. Defendants Winkle and Gibson used deadly force (i.e., kicks or knee strikes to the head) against minimally- or non-resisting arrestees, and two of the those arrestees (L.G. and E.M.) suffered broken facial bones as a result. These serious abuses of the public trust need to be addressed, and the victims deserve resolution.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendants' Joint Motion to Continue Trial.

                                      Respectfully submitted,

                                      JOHN CHILDRESS
                                      Acting United States Attorney

Date:   May 21, 2021         By:   /s/ Mary J. Hahn
                                            Katherine G. DeVar
                                            Mary J. Hahn
                                            Trial Attorneys

---

[4] The Government does not know the current demands on this Court's docket. However, based on the overall scheduling issues resulting from the backlog of cases created by COVID 19, the Government would request that this Court consider its own schedule in determining whether to deny this motion.

      By: <u>/s/ Nicholas J. Linder</u>
         Nicholas J. Linder
         Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2021, a copy of the foregoing Government's Response in Opposition to Defendants' Joint Motion to Continue Trial was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

John F. Kautzman
Martin Brown
Ruckelshaus Kautzman
Blackwell & Bemis, LLP
135 N. Pennsylvania Street, Suite 1600
Indianapolis, IN 46204
Phone: (317) 634-4356
Email: jfk@rucklaw.com
*Counsel for Defendant Chase Winkle*

David Oscar Markus
Markus / Moss PLLC
40 NW Third Street, Penthouse One
Miami, FL 33128
Phone: (305) 379-6667
Email: dmarkus@markuslaw.com
*Counsel for Defendant Gibson*

Yasmin Best
Daniel E. Pulliam
Luis Quinones Fernandez
Faegre Drinker Biddle & Reath LLP
311 S. Wacker Drive, Suite 4300
Chicago IL, 60606
Phone: (310) 500-2166
Email: yasmin.best@faegredrinker.com
*Counsel for Defendant Joseph Krejsa*

K. Michael Gaerte
Joshua Burress
Dentons Bingham Greenebaum LLP

2700 Market Tower
10 West Market Street
Indianapolis, IN, 46204
(317) 968-5446
michael.gaerte@dentons.com
*Counsel for Defendant Corey Posey*

    /s/ Mary J. Hahn
Mary J. Hahn
Trial Attorney
United States Department of Justice
Civil Rights Division, Criminal Section
4 Constitution Square
150 M Street NE
Washington, DC 20002
Phone: (202) 305-0921
Email: mary.hahn@usdoj.gov