UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00094-TWP-TAB |
| | ) | |
| JOSEPH CHASE WINKLE, | ) | -01 |
| JEREMY GIBSON, | ) | -02 |
| JOSEPH KREJSA, and | ) | -03 |
| COREY POSEY, | ) | -04 |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO RECONSIDER DENIAL OF
MOTION FOR SEVERANCE AND SEPARATE TRIAL**

This matter is before the Court on a Motion to Reconsider Denial of Motion for Severance and Separate Trial (Filing No. 141) filed by Defendant Corey Posey ("Posey"). The seventeen-count Superseding Indictment in this criminal matter charges Posey with one count of false report in violation of 18 U.S.C. § 1519 (Filing No. 64 at 3–4). The other sixteen counts in the Superseding Indictment relate to Posey's three co-Defendants Joseph Chase Winkle ("Winkle"), Jeremy Gibson ("Gibson"), and Joseph Krejsa ("Krejsa"). In his Motion, Posey asks the Court to reconsider its decision denying his earlier motion for severance and a separate trial from his co-Defendants. For the following reasons, the Court **grants** Posey's Motion to Reconsider.

## I. BACKGROUND

This case involves six separate incidents in which Muncie Police Department ("MPD") officers allegedly used excessive force and/or wrote false reports about those uses of force, occurring between March 2018 and February 2019. Winkle, Posey, and Gibson were employed as officers with MPD, and Krejsa was employed as a sergeant with MPD. On March 11, 2020, a

federal grand jury returned a twelve-count Indictment arising from five separate incidents involving Winkle, Krejsa, and Gibson (Filing No. 1).

More than a year later, on April 13, 2021, the grand jury returned a seventeen-count Superseding Indictment, adding a sixth incident and Defendant Posey (Filing No. 64). The lead Counts (Counts One through Five) involve the conduct of all four Defendants in connection with the arrest of L.G. on August 9, 2018. Specifically, during the arrest of L.G., Winkle is charged with using his knee to strike L.G.'s head and neck, and Gibson is charged with stomping on and using knee strikes against L.G.'s head, all without legal justification. Count One alleges that Winkle used unreasonable force during the arrest of L.G. in violation of 18 U.S.C. § 242. Count Two alleges that Gibson used unreasonable force during the arrest of L.G. in violation of 18 U.S.C. § 242. Counts Three, Four, and Five allege that Winkle, Posey, and Krejsa, respectively, wrote false reports about this incident in violation of 18 U.S.C. § 1519. The remaining Counts (Counts Six through Seventeen) do not allege or charge Posey with any illegal conduct, nor do those Counts contain any allegations about Posey.

On November 15, 2021, Posey filed a motion to sever his trial from the trial of his three co-Defendants (Filing No. 129). Posey sought severance because he is charged in only one count involving one incident, and, significantly, he is not charged with conspiring with his co-Defendants. The allegations in the other sixteen Counts are completely irrelevant to Posey, and thus, he argues, he was improperly joined in the Superseding Indictment, and severance is appropriate. On December 3, 2021, the Court denied Posey's motion to sever his trial (Filing No. 138). One month later, Posey filed the instant Motion to Reconsider Denial of Motion for Severance and Separate Trial (Filing No. 141). The Government filed a response opposing the Motion (Filing No. 146), and Posey filed his reply (Filing No. 147).

## II.      LEGAL STANDARDS

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case.[1] *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule

---

[1] "'[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.'" *United States v. Kimberlin*, 2021 U.S. Dist. LEXIS 167727, at *4 (S.D. Ind. Sep. 3, 2021) (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)).

54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Federal Rule of Criminal Procedure 8(b) provides for the joinder of multiple defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

> Rule 8(a) allows the government to charge in the same indictment two or more offenses by the same defendant if the offenses "are of the same or similar character," and Rule 8(b) allows charging in the same indictment two or more offenders "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." But the government may not tack the two subsections together and in one indictment charge different persons with committing offenses of "similar character." That would allow true "mass trials" . . . .

*United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985) (internal citations omitted); *see also United States v. Daniels*, 803 F.3d 335, 340–41 (7th Cir. 2015). "The government cannot bootstrap multiple defendants with similar but unconnected offenses into a single indictment by combining Rules 8(a) and 8(b) and the existence of overlapping defendants." *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995).

Thus, "[t]he first question is whether the acts charged in the indictment are 'the same series of acts or transactions constituting . . . offenses,' for if not, we do not get to the question whether severance was required by Rule 14 because of prejudice." *Velasquez*, 772 F.2d at 1353. "This depends on the meaning of 'same series of acts or transactions.' The usual meaning is acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are parts of a single conspiracy." *Id.* (internal citations omitted).

> The focus is on the underlying acts that constitute criminal offenses. The defendants must be charged with crimes that well up out of the same series of such acts, but they need not be the same crimes. And obviously the fact that they are the same crimes doesn't mean they can be charged in the same indictment if they bear no relation to each other.

*United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998) (internal citations omitted).

"***[W]hen defendants properly have been joined under Rule 8(b)***, a district court should grant a severance under Rule 14 only if . . . ." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (emphasis added). This guidance from the Supreme Court indicates that the first question is whether defendants have been properly joined under Rule 8(b). "[I]n assessing the propriety of joinder, we look solely to the allegations in the indictment." *Daniels*, 803 F.3d at 340 (internal citation and quotation marks omitted).

### III.   DISCUSSION

In his Motion to Reconsider, Posey argues that the Court committed a manifest error of law because the Superseding Indictment reflects a misjoinder of Defendants under Rule 8(b). Posey argues in his Motion,

> in reaching that determination, the Court misapplied controlling precedent from the Seventh Circuit Court of Appeals. The Court determined that joinder was proper under Fed. R. Crim. P. 8(b) because "the Superseding Indictment makes clear that Counts One through Five pertain to co-defendants Gibson and Winkle's use of force during the arrest of L.G. and to Posey and co-defendants Winkle and Krejsa authoring false reports regarding the arrest." [Dkt. 138 at 6]. However, the Seventh

5

> Circuit has made clear that Mr. Posey's joinder must be proper in light of <u>all</u> of the Counts in the Superseding Indictment. That is, <u>each</u> Count of the Superseding Indictment must be properly joined, which means that "**all of the counts must be related to the same common plan or scheme**." *United States v. Daniels*, 803 F.3d 335, 340 (7th Cir. 2015) (emphasis added). Here, Counts One through Five of the Superseding Indictment are not the problem. Rather, the inclusion of Counts Six through Seventeen of the Superseding Indictment are what give rise to misjoinder, at least with respect to Mr. Posey.

(Filing No. 141 at 2–3.)

> Posey continues,

> Nowhere in the Superseding Indictment is Mr. Posey accused of participating in a conspiracy, nor is he alleged to have participated in a "common plan or scheme" with any of his co-Defendants. Mr. Posey is charged only with Count Four of the Superseding Indictment, and Count Four relates solely to an incident involving an individual identified as "L.G." (the "L.G. Incident"). Twelve (12) of the seventeen (17) Counts in the Superseding Indictment (i.e. Counts Six through Seventeen) relate to, and are predicated upon, five (5) separate, distinct incidents/events, each of which is completely unrelated to the L.G. Incident. Indeed, those incidents/events occurred on separate dates between March 27, 2018, and February 17, 2019, and the Superseding Indictment does not allege any connection between those incident/events and the L.G. Incident, let alone Mr. Posey.

*Id.* at 3.

Posey argues there are no allegations in the Superseding Indictment that he was part of a common plan or a common scheme. Further, there are no allegations that the events relating to Posey were part of the same act or transaction or the same series of acts or transactions as the events upon which each of the other Counts is predicated. Thus, Posey's joinder in the Superseding Indictment was improper under Rule 8(b), and severance of his trial is warranted.

In response, the Government reminds the Court of the well-settled presumption that co-defendants properly joined in an indictment should be tried together. And the Government asserts that Posey has failed to overcome that presumption. But that presumption presupposes that the co-defendants were properly joined in the indictment in the first place. If co-defendants are not properly joined in a single indictment, then the presumption of trying them together does not exist.

The Government also reminds the Court of judicial and prosecutorial efficiencies in having a single trial. The Government argues that joining Posey in the Superseding Indictment was not improper because there was a common scheme of excessive force and obstructive concealment by officers at the MPD. And each of the Defendants participated to varying degrees in the common scheme. The Government asserts that the common scheme was

> an ongoing cycle of misconduct and concealment within the MPD taking place during a finite time period, within the same geographical region, and involving the same defendant-officers and witnesses. As is clear from the facts alleged on the face of the Superseding Indictment, the charged conduct was committed by a small group of officers within the same police department during an 11-month span between March 2018 and February 2019, in Delaware County.

(Filing No. 146 at 5.) Winkle was involved in each of the incidents, thereby evidencing a common scheme or series of acts and linking together the seventeen counts of the Superseding Indictment.

Posey replies that any common scheme or plan must be alleged in the Superseding Indictment, and the Government's argument of a common scheme simply is not in the allegations. The Government's theory of a common scheme is found only in its briefing as to the motions. The Superseding Indictment did not charge a conspiracy, a common scheme, or a common plan. Posey further asserts that the Government's argument—that Winkle provides a link among each of the seventeen counts to create a common scheme with the co-Defendants—is contrary to Seventh Circuit precedent. "The government cannot bootstrap multiple defendants with similar but unconnected offenses into a single indictment by combining Rules 8(a) and 8(b) and the existence of overlapping defendants." *Stillo*, 57 F.3d at 557. "[B]y joining Mr. Posey in the Superseding Indictment, the Government has done precisely what the Seventh Circuit has repeatedly prohibited: the Government has swept into a single indictment multiple defendants who are charged with a combination of separate, unrelated offenses." (Filing No. 147 at 8.)

Upon careful review of all the allegations in the Superseding Indictment and each of the Counts asserted therein, and after close study of controlling precedent, the Court determines that Posey's reconsideration argument is well-taken and supported by case law, and severance is warranted because Posey was improperly joined in the Superseding Indictment. There are no allegations in the Superseding Indictment of a common plan, a common scheme, or a conspiracy. The six incidents in which MPD officers allegedly used excessive force and/or wrote false reports about those uses of force are each a separate, unrelated, and distinct incident. While each of the offenses are of a similar character, they do not arise from the same act or transaction or the same series of acts or transactions constituting an offense, so joinder of Posey as a co-Defendant under Rule 8(b) was not proper.

### IV.   CONCLUSION

For the reasons stated above, Posey's Motion to Reconsider Denial of Motion for Severance and Separate Trial ([Filing No. 141](#)) is **GRANTED**. Posey's trial is severed from the trial of his co-Defendants, and his trial will be scheduled under separate order.

Also pending before the Court is a motion for separate trial filed by co-Defendant Krejsa in the event that Posey's Motion to Reconsider was granted ([Filing No. 182](#)). The Government has not yet responded to that motion. If the Government intends to respond to that motion, it must do so within **five (5) days** of the date of this Order. Any reply brief must be filed within **three (3) days** of the response brief. Thereafter the Court will promptly issue a ruling on Filing 182.

**SO ORDERED.**

Date:   11/3/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Yasmin N. Best
FEAGRE DRINKER BIDDLE & REATH
yasmin.best@faegredrinker.com

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Jonathan A. Bont
Frost Brown Todd LLC
jbont@fbtlaw.com

Joshua James Burress
DENTONS BINGHAM GREENEBAUM
joshua.burress@dentons.com

Katherine Gray DeVar
DOJ-Crt
katherine.devar@usdoj.gov

Lauren I. Doyle
MARKUS/MOSS PLLC
ldoyle@markuslaw.com

Mary J. Hahn
DOJ-Crt
mary.hahn@usdoj.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS DUNCAN &
MERCHANT
ard@rkblegalgroup.com

K. Michael Gaerte
DENTONS BINGHAM GREENEBAUM
michael.gaerte@dentons.com

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov

Erica MacDonald
FEAGRE DRINKER BIDDLE & REATH
erica.macdonald@faegredrinker.com

David Oscar Markus
MARKUS/MOSS PLLC
dmarkus@markuslaw.com

Daniel E. Pulliam
FEAGRE DRINKER BIDDLE & REATH
daniel.pulliam@faegredrinker.com

Jason Rauch
FEAGRE DRINKER BIDDLE & REATH
jason.rauch@faegredrinker.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS DUNCAN &
MERCHANT
jfk@rkblegalgroup.com