UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00094-TWP-TAB |
| | ) | |
| JOSEPH CHASE WINKLE, | ) -01 | |
| JEREMY GIBSON, | ) -02 | |
| JOSEPH KREJSA, and | ) -03 | |
| COREY POSEY, | ) -04 | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANT COREY POSEY'S SECOND MOTION FOR SEVERANCE AND SEPARATE TRIAL

This matter is before the Court on a Second Motion for Severance and Separate Trial (Filing No. 213) filed by Defendant Corey Posey ("Posey"). The seventeen-count Superseding Indictment in this criminal matter charges Posey with one count of false report (Count 4) in violation of 18 U.S.C. § 1519 (Filing No. 64 at 3–4). The other sixteen counts in the Superseding Indictment relate to Posey's three co-Defendants Joseph Chase Winkle ("Winkle"), Jeremy Gibson ("Gibson"), and Joseph Krejsa ("Krejsa"). Counts 5 and 8 charge co-Defendant Krejsa with two counts of false report. Winkle and Gibson have pled guilty to the charges against them, leaving Posey and Krejsa as the remaining defendants to be tried. In his Motion, Posey asks the Court to sever his trial from the trial of Krejsa. For the following reasons, the Court **grants** Posey's Motion.

### I.   BACKGROUND

This case involves six separate incidents in which Muncie Police Department ("MPD") officers used excessive force and/or wrote false reports about those uses of force, occurring between March 2018 and February 2019. Winkle, Posey, and Gibson were employed as officers

with MPD, and Krejsa was employed as a sergeant with MPD. On March 11, 2020, a federal grand jury returned a twelve-count Indictment arising from five separate incidents involving Winkle, Krejsa, and Gibson (Filing No. 1).

More than a year later, on April 13, 2021, the grand jury returned a seventeen-count Superseding Indictment, adding a sixth incident and Defendant Posey (Filing No. 64). The lead Counts (Counts One through Five) allege misconduct of all four Defendants in connection with the arrest of L.G. on August 9, 2018. Specifically, during the arrest of L.G., Winkle, used his knee to strike L.G.'s head and neck, and Gibson stomped on and used knee strikes against L.G.'s head, all without legal justification. Count One alleges that Winkle used unreasonable force during the arrest of L.G. in violation of 18 U.S.C. § 242. Count Two alleges that Gibson used unreasonable force during the arrest of L.G. in violation of 18 U.S.C. § 242. Counts Three, Four, and Five allege that Winkle, Posey, and Krejsa, respectively, wrote false reports about this incident in violation of 18 U.S.C. § 1519. The remaining Counts (Counts Six through Seventeen) do not allege or charge Posey with any illegal conduct, nor do those Counts contain any allegations about Posey.

Count Eight alleges that Krejsa wrote a false report, in violation of 18 U.S.C. § 1519, about a separate incident that occurred more than two months earlier. That earlier incident occurred on June 5, 2018, wherein Winkle used similar unreasonable force against N.B. and R.F. during their arrest.

On November 15, 2021, Posey filed a motion to sever his trial from the trial of his three co-Defendants (Filing No. 129). Posey sought severance because he is charged in only one count involving one incident, and, significantly, he is not charged with conspiring with his co-Defendants. The allegations in the other sixteen Counts are completely irrelevant to Posey, and thus, he argues, he was improperly joined in the Superseding Indictment, and severance is

appropriate. On December 3, 2021, the Court denied Posey's motion to sever his trial (Filing No. 138). One month later, Posey filed a motion to reconsider the denial of his motion for severance and separate trial (Filing No. 141). The Court granted the motion to reconsider and noted that "joinder of Posey as a co-Defendant under Rule 8(b) was not proper," and concluded, "Posey's trial is severed from the trial of his co-Defendants, and his trial will be scheduled under separate order." (Filing No. 187 at 8.) Thereafter, Krejsa moved the Court to grant his motion for a separate trial from Winkle and to set a new trial date for himself and Posey, to be tried together. (Filing No. 192 at 2-3.)

In a subsequent scheduling Order, the Court noted, "the two remaining co-defendants for trial are Joseph Krejsa and Corey Posey. These defendants will be tried together as previously scheduled on January 9, 2023 at 9:00 a.m. in Courtroom 344." (Filing No. 198 at 1.) Posey then filed the instant Second Motion for Severance and Separate Trial (Filing No. 213), asking the Court to sever his trial from the trial of Krejsa. The Government filed a response opposing the Motion on December 8, 2022 (Filing No. 231).

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) provides for the joinder of multiple defendants in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

> Rule 8(a) allows the government to charge in the same indictment two or more offenses by the same defendant if the offenses "are of the same or similar character," and Rule 8(b) allows charging in the same indictment two or more offenders "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." But the government may not tack the two subsections together and in one indictment charge different persons with committing offenses of "similar character."

*United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985) (internal citations omitted); *see also United States v. Daniels*, 803 F.3d 335, 340–41 (7th Cir. 2015). "The government cannot bootstrap multiple defendants with similar but unconnected offenses into a single indictment by combining Rules 8(a) and 8(b) and the existence of overlapping defendants." *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995).

Thus, "[t]he first question is whether the acts charged in the indictment are 'the same series of acts or transactions constituting . . . offenses,' for if not, we do not get to the question whether severance was required by Rule 14 because of prejudice." *Velasquez*, 772 F.2d at 1353. "This depends on the meaning of 'same series of acts or transactions.' The usual meaning is acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are parts of a single conspiracy." *Id.* (internal citations omitted).

> The focus is on the underlying acts that constitute criminal offenses. The defendants must be charged with crimes that well up out of the same series of such acts, but they need not be the same crimes. And obviously the fact that they are the same crimes doesn't mean they can be charged in the same indictment if they bear no relation to each other.

*United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998) (internal citations omitted).

"***[W]hen defendants properly have been joined under Rule 8(b)***, a district court should grant a severance under Rule 14 only if . . . ." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (emphasis added). This guidance from the Supreme Court indicates that the first question is whether defendants have been properly joined under Rule 8(b). "[I]n assessing the propriety of joinder, we look solely to the allegations in the indictment." *Daniels*, 803 F.3d at 340 (internal citation and quotation marks omitted).

### III.   DISCUSSION

In his Second Motion for Severance and Separate Trial, Posey explains,

4

> [T]he Court recently agreed that the inclusion of Mr. Posey in the Government's Superseding Indictment, [Dkt. 64], was improper and constituted misjoinder in violation of Fed. R. Crim. P. 8(b). [Dkt. 187 at 8]. As a result, on November 3, 2022, the Court issued an Order severing Mr. Posey's trial from the trial of each of his co-Defendants and advising that Mr. Posey's separate trial would be "scheduled under separate order." *Id.*

([Filing No. 213 at 1](Filing No. 213 at 1).)

Posey continues,

> As the Court recognized when it ordered his separate trial, Mr. Posey has not been accused of participating in a conspiracy, nor is he alleged to have participated in a "common plan or scheme" with Mr. Krejsa. Mr. Posey is charged in a single Count of the Superseding Indictment (Count 4) which is predicated upon a *single* incident which occurred on or about August 9, 2018. [Dkt. 64 at 3]. Mr. Krejsa, on the other hand, is charged in Counts 5 and 8 of the Superseding Indictment. *Id.* at 4-5, 7-8. Count 8 is predicated upon an incident which occurred on or about June 5, 2018, which is completely unrelated to – and has no connection whatsoever with – the incident upon which Mr. Posey's charge (Count 4) is predicated. *Id.* at 7-8.

*Id.* at 2. Posey argues that these facts and conclusions remain the same, and he was not properly joined in the first place with Krejsa in the Superseding Indictment, so severance of their trials is the appropriate remedy.

In response, the Government repeats many of the arguments it presented when it opposed Posey's motion to reconsider the denial of his first motion for severance and separate trial. It reminds the Court of the preference that co-defendants joined in an indictment should be tried together. The Government also reminds the Court of judicial and prosecutorial efficiencies in having a single trial. The Government argues that joining Posey in the Superseding Indictment was not improper because Posey and Krejsa acted with a common intent—to cover up Winkle's misconduct and to impede the investigation into Winkle's misconduct. The Government continues to argue that there was a common scheme that connects the charges against both Posey and Krejsa.

Alternatively, the Government notes,

5

> It is the government's position that Count 8, which charges Krejsa with falsification of a report related to a different incident, is also properly joined and appropriate to try as part of the same trial, as discussed above. However, to the extent the Court is considering severance of any kind, the government respectfully submits that the incidents, not the defendants, should be severed, and that Defendants Posey and Krejsa should be tried together on Counts 4 and 5.

(Filing No. 231 at 13.)

> Finally, the Government argues that Posey's objection is untimely because
>
> Defendant Posey had a previous opportunity to voice any objection to being tried with Defendant Krejsa, but he stayed silent. On October 24, 2022, Defendant Krejsa moved for severance from officer Winkle, requesting that, if the Court granted Defendant Posey's then-pending request to be tried separately from Winkle, Defendant Krejsa be granted the same relief. Neither the government nor Defendant Posey objected to Krejsa's request that he be tried *with Defendant Posey*, and separately from then-defendant Winkle.

*Id.* at 15.

Upon yet another review of all the allegations in the Superseding Indictment and each of the Counts asserted therein, the Court determines that Posey's arguments still are well-taken and supported by case law, and severance is warranted because Posey was improperly joined in the Superseding Indictment. There are no allegations in the Superseding Indictment of a common plan, a common scheme, or a conspiracy. The six incidents in which MPD officers used excessive force and/or wrote false reports about those uses of force are each a separate, unrelated, and distinct incident. While each of the offenses are of a similar character, they do not arise from the same act or transaction or the same series of acts or transactions constituting an offense, so joinder of Posey as a co-Defendant under Rule 8(b) was not proper.

The Government's alternative suggestion to sever incidents rather than defendants is unpersuasive. Either approach still requires two trials, and trying the defendants together presents unnecessary difficulties and potential issues when the Court will still have to conduct two trials. The Government's argument about untimeliness is unavailing as Krejsa's comment in his motion

came before the Court's Order granting separate trials and then subsequently noting the combined trial in the scheduling Order, which then prompted Posey's appropriate, timely Motion.

## IV.    CONCLUSION

For the reasons stated above, Posey's Second Motion for Severance and Separate Trial (Filing No. 213) is **GRANTED**. Posey's trial is severed from the trial of Krejsa, and his trial will be scheduled under separate order. Krejsa's trial shall proceed as scheduled.

**SO ORDERED.**

Date:   12/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Yasmin N. Best
FEAGRE DRINKER BIDDLE & REATH
yasmin.best@faegredrinker.com

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov

Jonathan A. Bont
Frost Brown Todd LLC
jbont@fbtlaw.com

Joshua James Burress
DENTONS BINGHAM GREENEBAUM
joshua.burress@dentons.com

Katherine Gray DeVar
DOJ-Crt
katherine.devar@usdoj.gov

Lauren I. Doyle
MARKUS/MOSS PLLC
ldoyle@markuslaw.com

K. Michael Gaerte
DENTONS BINGHAM GREENEBAUM
michael.gaerte@dentons.com

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov

Erica MacDonald
FEAGRE DRINKER BIDDLE & REATH
erica.macdonald@faegredrinker.com

David Oscar Markus
MARKUS/MOSS PLLC
dmarkus@markuslaw.com

Daniel E. Pulliam
FEAGRE DRINKER BIDDLE & REATH
daniel.pulliam@faegredrinker.com

Jason Rauch
FEAGRE DRINKER BIDDLE & REATH
jason.rauch@faegredrinker.com

Mary J. Hahn
DOJ-Crt
mary.hahn@usdoj.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS DUNCAN &
MERCHANT
ard@rkblegalgroup.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS DUNCAN &
MERCHANT
jfk@rkblegalgroup.com